UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

MELVIN L. VAN, JR.,           )
                              )
            Plaintiff,        )   Case No. 1:10-cv-577
                              )
v.                            )   Honorable Paul L. Maloney
                              )
UNITED STATES OF AMERICA,     )
                              )   **MEMORANDUM OPINION**
            Defendant.        )
_____)

This is a medical malpractice action brought by a federal prisoner against medical professionals employed by the Veteran's Affairs Outpatient Clinic in Grand Rapids, Michigan. Defendant David Kirchinger, M.D., is a licensed physician employed on a full-time basis by the Veteran's Outpatient Clinic. Defendant Angela S. Baker is a licensed pharmacist also employed by the clinic. Plaintiff initiated this case in the Kent County Circuit Court, alleging medical malpractice by defendants arising from their prescribing and administration of medications to plaintiff in January of 2008. The state circuit court action was removed to this court by the United States pursuant to the provisions of the Federal Tort Claims Act (FTCA), upon certification by the United States that both defendants were employees of the federal government acting within the scope of their employment. By order entered June 24, 2010, the caption of the case was amended to substitute the United States of America as the sole defendant in place of defendants Kirchinger and Baker, pursuant to 28 U.S.C. § 2679(d)(2).

Presently pending before the court are four nondispositive motions filed by plaintiff. Chief Judge Paul Maloney has referred these motions to me for decision pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure. For the reasons set forth below, all plaintiff's motions will be denied.

1. **Motion for Appointment of Counsel (docket # 14)**

Plaintiff's first motion asks the court to submit the case to the "Pro Bono Committee" for purposes of appointment of counsel. Contrary to plaintiff's assumption, this court does not maintain a pro bono committee to which it has delegated authority to make pro bono assignments of counsel. Rather, the court exercises its authority itself, guided by applicable authority.

Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The court may, however, request an attorney to serve as counsel, in the court's discretion. *Id.*; *see Mallard v. U.S. District Court*, 490 U.S. 296 (1989). Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the court should consider the complexity of the issues, the procedural posture of the case, and plaintiffs' apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606; *see also Gregg v. SBC/Ameritech*, 321 F. App'x 442, 447-48 (6th Cir. 2009). The court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of plaintiff's position. Plaintiff's request for appointment of counsel will therefore be denied.

**2. Motion for Appointment of Licensed Physician (docket # 15)
and Motion for Appointment of Medical Malpractice Expert (docket # 16)**

Plaintiff's next two motions are essentially duplicative. In these motions, plaintiff seeks an order appointing a licensed physician to review plaintiff's medical records. In bringing these motions, plaintiff seeks to comply with provisions of the Michigan tort reform statute, which requires a plaintiff suing for medical malpractice to file, along with his complaint, an affidavit of merit. MICH. COMP. LAWS § 600.2912d(1). The affidavit of merit, which must be signed by a competent health professional, must certify that the health professional has reviewed the medical records and is required to set forth certain opinions in support of plaintiff's claim. *Id.* The Michigan courts hold that a plaintiff seeking to commence a medical malpractice action must file *both* a complaint and an affidavit of merit, and that the filing of the complaint alone is insufficient to toll the statute of limitations period. *See Jackson v. Detroit Med. Ctr.*, 753 N.W.2d 635, 640 (Mich. Ct. App. 2008); *Young v. Sellers*, 657 N.W.2d 555, 557-58 (Mich. Ct. App. 2002). The district courts in Michigan apply this provision to suits under the FTCA sounding in medical malpractice, reasoning that the law of the place where the alleged act or omission occurred governs the substance of an FTCA action under 28 U.S.C. § 1346(b)(1). *See, e.g., Luckett v. United States*, No. 08-cv-13775, 2009 WL 1856417, at * 5 (E.D. Mich. June 29, 2009).

Recognizing that his complaint is not accompanied by the required affidavit of merit, plaintiff seeks the appointment of a qualified physician for purposes of conducting a physical examination and providing the required affidavit. Plaintiff cites no authority allowing the court to expend public funds for this purpose. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *United States v. MacCollom*, 426 U.S. 317, 321

(1976). Although Congress has provided for the waiver of certain fees and expenses on behalf of indigent civil litigants, such as the cost of the record on appeal, *see* 28 U.S.C. § 1915(c), Congress has not appropriated funds to compensate expert witnesses necessary for the prosecution of the case of an indigent plaintiff in a civil case. To the contrary, the law is that witness fees, expert witness compensation, and other litigation expenses are the responsibility of the party and cannot be compensated from public funds. *See Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983); *accord Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987); *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at * 1 (6th Cir. Jan. 29, 1999) (An indigent prisoner-plaintiff "has no right to have an expert witness appointed at the government's expense.")

It is certainly true that Michigan law requires expert testimony to support a claim of medical malpractice. *See Stiver v. Parker*, 975 F.2d 261, 273 (6th Cir. 1992). It is equally true that no authority allows the court to expend public funds for this purpose or to order a health professional to provide such services without charge. Consequently, plaintiff's motions for the appointment of a licensed physician (docket # 15) or for a medical malpractice expert (docket # 16) must be denied.

### 3. Motion to Hold Case in Abeyance (docket # 17)

Finally, plaintiff has moved to hold this case in abeyance while he exhausts his administrative remedies. From the text of the motion, plaintiff's theory seems to be that his circuit court action against Dr. Kirchinger and Pharmacist Baker should be allowed to proceed against them in their "individual capacities," and that this FTCA action should be held in abeyance pending plaintiff's pursuit of the individual parties in state court. Plaintiff's theory of law is mistaken. Under

the provisions of the Federal Tort Claims Act, upon certification by the Attorney General that individual defendants were acting within the scope of their employment with the United States, the case must be removed to the federal district court. 28 U.S.C. § 2679(d)(2). Thereafter, the action "shall be deemed to be an action or proceeding brought against the United States." *Id.* Any other civil action or proceeding for damages arising out of or relating to the same subject matter against the employee is statutorily precluded. 28 U.S.C. § 2679(b)(1). By reason of these provisions of the FTCA, plaintiff's medical malpractice lawsuit against Dr. Kirchinger and Pharmacist Baker in their individual capacities is now precluded, and plaintiff's exclusive remedy arises under the FTCA against the United States. 28 U.S.C. § 2679(a). There is therefore no reason for this court to hold the present case in abeyance to allow plaintiff to litigate his state-court action against Kirchinger and Baker, because that action is now barred by law.

For the reasons set forth above, plaintiff's pending nondispositive motions will be denied.

Dated: July 26, 2010           /s/ Joseph G. Scoville
                               United States Magistrate Judge