UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN L. VAN, JR.,
    Plaintiff,

No. 1:10-cv-577

-v-

HONORABLE PAUL L. MALONEY

UNITED STATES OF AMERICA,
    Defendant.

## ORDER GRANTING MOTION TO DISMISS

Plaintiff Melvin Van, currently a federal prisoner, filed a complaint alleging medical malpractice in the Circuit Court for Kent County, Michigan. The United States Attorney for the Western District of Michigan filed a certification that the individually named Defendants were working for the Veterans Affairs Outpatient Clinic when the acts giving rise to the complaint occurred and were acting within the scope of their employment. *See Dolan v. United States*, 514 F.3d 587, 592 (6th Cir. 2008) (quoting *Dolan v. United States*, No. 3:06-cv-208, 2007 WL 784351, at * 5 - * 6 (E.D. Tenn. Mar. 13, 2007)). Contemporaneous with the certification, the action was removed to federal court and the Defendant United States of America was substituted for the individually named Defendants. *See Singleton v. United States*, 277 F.3d 864, 868 (6th Cir. 2002). Plaintiff has not challenged the substitution of the parties.[1] *See Id.* at 871-72. Accordingly, this action is proceeding under the Federal Tort Claim Act (FTCA). *Id.* at 870 n. 5 ("If the district court finds that the federal employee was acting in the scope of employment and therefore substitution of the United States as defendant is appropriate, it must assess the plaintiff's claims pursuant to the Federal Tort Claims Act (FTCA).").

---

[1] Plaintiff did file an amended complaint, adding as a defendant "unknown Pharmacy." (ECF. No. 22.)

Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (b)(6) on July 20, 2010. Defendant asserts the court lacks jurisdiction because Plaintiff failed to exhaust his administrative remedies with the Department of Veterans Affairs. Defendant also argues the suit is time-barred. Finally, Defendant contends the action should be dismissed because Plaintiff failed to file an affidavit of merit in support of his medical malpractice claim, a requirement under Michigan law. To date, Plaintiff has not filed a response.

Defendant's motion to dismiss is ripe for decision. The time to file a response to Defendant's motion has expired. W.D. Mich. LCivR 7.2(c) ("Any party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials."). Plaintiff had previously filed a motion to hold the action in abeyance so that he could exhaust his administrative remedies. (ECF. No. 17.) The magistrate judge denied that motion on July 26, 2010. (ECF. Nos. 27 and 28.) More than 28 days have passed since both the order denying the motion to hold the action in abeyance issued and the motion to dismiss were filed. The record establishes that Plaintiff was served with the motion to dismiss and with the order denying the motion to hold the action in abeyance.

The court has reviewed the Defendant's motion under Fed. R. Civ. P. 12(b)(1) and finds Defendant has established that it is entitled to relief. Under 28 U.S.C. 2675(a), Plaintiff may not bring his action in any court because he failed to "have first presented the claim to the appropriate Federal agency" and his claim has not "been finally decided by the agency in writing and sent by certified or registered mail." This court may consider the evidence submitted by a defendant when evaluating a 12(b)(1) motion, but the plaintiff bears the burden of proving the court has jurisdiction over the subject matter. *See Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005).

Plaintiff did not submit the proper notice to the appropriate agency in order to exhaust his administrative remedies. (Ex. 4 to Def.'s Br. in Support - M. Smith Affidavit.) *See Glarner v. Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994). Accordingly, Plaintiff failed to exhaust his administrative remedies and this action must be dismissed. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982) (per curiam). Because this court has no subject matter jurisdiction over the matter, the court has neither the need, nor the authority, to resolve the merits of the other arguments advanced in Defendant's motion.

For these reasons, Defendant United States of America's motion to dismiss (Dkt. No. 23) is **GRANTED. IT IS SO ORDERED.**


Date:   September 23, 2010                             /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      Chief United States District Judge